# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE S. EWING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-CV-114-SNLJ |
| | ) | |
| DEWAYNE KEMPKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #6][1] and motion for leave to proceed in forma pauperis [Doc. #5]. For the

---

[1] On August 27, 2013, the Court instructed plaintiff to file an amended complaint on a Court-provided form, selecting the transaction or occurrence he wished to pursue and limiting his facts and allegations to the defendant(s) involved in said occurrence. The Court specifically advised plaintiff that the amended complaint would replace his original complaint and would be the only pleading this Court reviews [Doc. #4]. Plaintiff filed his amended complaint on September 12, 2013 [Doc. #6]; however, the Court notes that he later filed a sixteen-page document styled "Motion for Preliminary Injunctive Relief" [Doc. #13]. A review of this document indicates that plaintiff has in no way addressed the standards set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981), but rather is attempting to supplement his amended complaint with additional claims, allegations, and defendants, the majority of which pertain to individuals and instances that are outside the purview of the instant amended complaint. The Court declines to allow plaintiff to supplement his pleading in this manner. Accordingly, the motion will be denied, without prejudice to refiling as a new and separate action(s), if plaintiff wishes to do so.

reasons set forth below, the Court will grant plaintiff's motion and will assess an initial partial filing fee of $5.37. Furthermore, after reviewing plaintiff's allegations pursuant to 28 U.S.C. § 1915, the Court will dismiss this action as to all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's financial affidavit and information indicates an average monthly deposit of $26.83 and an average monthly balance of $20.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an

initial partial filing fee of $5.37, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Amended Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 for the alleged violations of his civil rights. Plaintiff also asserts pendent state-law claims for the violation of prison policy and numerous Missouri statutes. Named as defendants are: Dwayne Kemper (Deputy Division Director of Adult Institutions); Ian Wallace (Warden, SECC); William Stange (Assistant Warden, SECC); Webster R. Arends (Investigator, SECC); Paula Huffman-Phillips (Function Unit Manager, SECC); D. Novack (Correctional Officer, SECC); Cheryl Dowdy-Thompson (Functional Unit Manager, SECC); Kenneth Richardson (Assistant Prosecuting Attorney, Mississippi County, Missouri); George Lombardi (Director, Missouri Department Of Corrections); Dave Dormire (Director, Division of Adult Institutions); Stephanie Kastings-Novack (Nurse,

Corizon, Inc.); Ruth Taylor (Nurse, Corizon, Inc.); Kenna Sadler (Nurse, Corizon, Inc.); Paula Unknown (Nurse); Michael Hakala (Doctor, Corizon, Inc.); Unknown Regional Director (Corizon, Inc.); Unknown Senior Regional Vice President (Corizon, Inc.);Unknown Regional Investigator Manager; Unknown Inspector General of Missouri; and Omar L. Clark.² Liberally construing the amended complaint, plaintiff is suing defendants in their individual and official capacities.³

Plaintiff alleges that he "suffered injuries" on December 22, 2012, following an "altercation" with his cell mate. Plaintiff's allegations arise out of this incident and the medical treatment that defendants rendered, or failed to render, to him. For the following reasons, the Court will dismiss this action as to all defendants.

---

²Plaintiff does not identify Omar Clark in the caption of the amended complaint or set forth his title or what position he holds. Liberally construing the amended complaint, Clark is a correctional employee at SECC.

³Plaintiff states on page two of the complaint, as follows: "All defendants are being sued in their individual capacities under the authority of 42 U.S.C. § 1983, as well as in their official capacities under the authority of 42 U.S.C. § 1985(2), (3)."

## Discussion

### I. Section 1985 Claims

Plaintiff generally alleges that "all defendants . . . acted as is required, in concert and under color of state law," and that "[a]ll the occurrences described fall under the authority of 42 U.S.C. § 1985(2) and (3)."

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. "[A] conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (citations omitted). Even affording plaintiff's factual allegations a liberal construction, they simply do not suggest a "meeting of the minds" among the defendants in this action. Plaintiff's allegations are, at best, nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1949. Moreover, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the amended complaint indicates that plaintiff is a

member of a protected class or that defendants were motivated by purposeful discrimination. For these reasons, plaintiff's § 1985 claims will be dismissed as legally frivolous.

## II. Section 1983 Claims

### A. Official Capacity Claims

Plaintiff is suing defendants in both their official and individual capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

### B. Individual Capacity Claims

#### (1). Claims against Defendants Kenna Sadler and Paula Unknown

Plaintiff summarily alleges that he "suffered injuries from a[n] altercation with a cell mate that was under investigation and [he] was assessed by [Sadler and Paula Unknown] but [they] never treated [him,] violating his rights to the Eighth Amendment." Plaintiff further alleges that Sadler "was well aware of [his] injuries

[but] refused to treat [him]," and Paula Unknown "failed to ensure plaintiff received treatment."

To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Moreover, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). Moreover, prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). A mere difference of opinion between plaintiff and his treating health care professional about what treatment is appropriate does not give rise to a colorable claim under § 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1990).

Plaintiff's generalized allegations of having sustained "injuries" simply do not show that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Accordingly, plaintiff has not stated a constitutional violation. Moreover, plaintiff's claims relative to defendants Sadler and Paula Unknown's alleged assessment, but lack of treatment, of plaintiff do not rise to the level of deliberate indifference or state an Eighth Amendment claim. As such, the amended complaint is legally frivolous and fails to state a claim against defendants Sadler and Paula Unknown.

**(2). Claims against Defendants Webster Arends, Kenneth Richardson, Paula Huffman-Phillips, D. Novak, Cheryl Thompson, Omar Clark, and William Stange**

Plaintiff alleges that (1) upon completion of the investigation on February 8, 2013, defendant Arends "went ten days beyond the allotted time for an investigation and issued a conduct violation, violating plaintiff's rights to the Fourteenth Amendment"; (2) on February 15, 2013, plaintiff received "a warrant charged by Kenneth R. Richardson who violated Criminal Rule of Civil Procedure 22.04(a) [by] unlawfully issuing the warrant[,] violating plaintiff's rights under the Sixth Amendment"; (3) on February 22, 2013, defendants Huffman-Phillips and Novak "conducted a disciplinary hearing, violating plaintiff's rights to due process under the

Fourteenth Amendment . . . and RSMo 217.380"; (4) after being given a minor conduct violation on May 24, 2013,[4] plaintiff "was placed on 'special security orders' by D. Novack, who also supervised a planned use of force" [Doc. #10, page 10];[5] (5) Cheryl Thompson "violated RSMo 217.410(10)[,] disregarding plaintiff's rights and Missouri Department of Corrections Policy and Procedure by . . . her denial of plaintiff's valid complaint, displaying deliberate indifference to plaintiff's Fourteenth Amendment rights"; (6) defendant Clark "completely disregarded" prison policy and Missouri law when he responded to plaintiff's informal resolution request relative to a May 24, 2013 false conduct violation; and (7) defendant Stange's response to a grievance plaintiff filed "disregarded plaintiff's [constitutional] rights" and violated prison policy and Missouri law.

Plaintiff's claims against defendants Arends, Richardson, Huffman-Phillips, Novak, Thompson, Clark, and Stange are conclusory and fail to state a claim or cause of action under § 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (legal

---

[4]Plaintiff does not state what prison rule he allegedly violated; he states only that he was "issued a conduct violation in retaliation for filing [a] grievance," and he does not identify who allegedly issued the conduct violation.

[5]In the amended complaint, plaintiff states that the special security orders consisted of "alternative meals, magnet status, limited property, placement in the isolation cell without clothes, and two-hour searches."

conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for prison policy violation); *Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state claim redressable by § 1983 action); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case"); *Myers v. Morris*, 810 F.2d 1437, 1446-48 (8th Cir. 1987) (immunity extends to allegations of vindictive prosecution). Moreover, the "special security orders" allegedly issued by defendant Novack do not indicate that plaintiff was subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest is generally limited to freedom from restraint that imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life). For these reasons, the amended complaint will be dismissed against defendants Arends, Richardson, Huffman-Phillips, Novak, Thompson, Clark, and Stange.

### (3). Claims against Defendant Michael Hakala

Plaintiff alleges that Dr. Hakala issued an order for "Naproxen" on March 13, 2013, "for plaintiff's hands," although plaintiff had never submitted a medical request for injuries to or pain in his hands. Plaintiff alleges that Dr. Hakala's order was "an attempt at covering up the policy violations by altering the medical records," in violation of plaintiff's Eighth Amendment rights.

Plaintiff's claims of a cover-up by altering medical records do not rise to the level of a constitutional violation and fail to state an Eighth Amendment claim. Moreover, mere negligence does not rise to the level of a constitutional violation, s*ee Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. at 106 (mere negligence is not cognizable as Eighth Amendment violation), and even medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d at 724. For these reasons, the amended complaint will be dismissed as to Dr. Hakala.

### (4). Claims against Defendants Ruth Taylor, Stephanie Kastings-Novack, Unknown Regional Medical Director, Senior Regional Vice President, Regional Investigator Manager, and Inspector General

Plaintiff alleges that defendant Ruth Taylor "is accountable for the nursing staff . . . [but] failed to monitor the efficiency of the safety and delivery of the nursing to offenders." Plaintiff further alleges that Taylor's "dereliction of duty allowed the

inactions of [defendants Sadler and Paula Unknown]." In addition, plaintiff summarily claims that defendant Kastings-Novack "is accountable for the supervisor [sic] of personnel . . . [and] the delivery of contracted services . . .[and] her failure to carry out these duties contributed to the negligence of Ruth Taylor, Kenna Sadler, and Nurse Paula Unknown." As to defendant Unknown Regional Medical Director, plaintiff alleges "negligence [in allowing] the actions of the responsible healthcare professionals at SECC." With regard to Senior Regional Vice President, plaintiff alleges "dereliction of duty" and negligence in failing "to do what was required." As to Regional Investigator Manager, plaintiff alleges negligence in overseeing investigators' activities. Concerning defendant Inspector General, plaintiff alleges negligence in "providing guidance and direction to the criminal investigation unit."

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff does not set forth any facts indicating that defendants Taylor, Kastings-Novack, Regional Medical Director, Senior Regional Vice President, Regional Investigator Manager, and Inspector General were directly involved in or

personally responsible for the violation of his constitutional rights, and because the respondeat superior theory is inapplicable in § 1983 actions, *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), plaintiff's claims are legally frivolous as to these defendants. Additionally, and as previously noted, claims of mere negligence do not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. at 328; *Estelle v. Gamble*, 429 U.S. at 106.

**(5). Claims against Defendants Dwayne Kempker, Ian Wallace, Dave Dormire, and George Lombardi**

Plaintiff alleges that defendant Kempker denied "plaintiff's valid complaint and ignor[ed] the allegations of neglect, due process violations and the disregard for [prison policy] by the staff . . . by his support and failure to act, as was his obligation, [on] the decision of Ian Wallace." In addition, plaintiff summarily claims that Kempker displayed "deliberate indifference, acting in concert with SECC staff," and that he violated plaintiff's Fourteenth and Eighth Amendment rights, as well as numerous Missouri statutes. Plaintiff alleges that defendant Wallace engaged in a "procedure violation" relative to a grievance plaintiff had previously made and was "obligated as the chief administrative officer to ensure plaintiff received medical attention for his injuries." Plaintiff adds that Wallace "maliciously and deliberately denied [his] complaint," in violation of the Constitution and Missouri law. Plaintiff

further complains that Wallace approved certain "special security orders" that had been ordered by defendant Novak in May 2013. Plaintiff alleges that defendant Dormire, through "the negligence of his duties required by [Missouri law] and maliciousness, ignored and/or disregarded plaintiff's complaints." Plaintiff additionally claims that defendant Lombardi appointed Ian Wallace as the warden of SECC and "through his negligence" in supervising Wallace and Dormire, violated plaintiff's constitutional rights.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d at 1208; *see also Martin v. Sargent*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d at 968 (respondeat superior theory inapplicable in § 1983 suits); *see also*, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). Because plaintiff has not set forth any non-conclusory facts indicating that any of the named supervisory defendants were directly involved in or

personally responsible for the alleged violations of his constitutional rights, the amended complaint fails to state a claim upon which relief as to these defendants. *See Iqbal*, 129 S. Ct. at 1948. As noted above, supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See id.* For these reasons, the amended complaint is legally frivolous and will be dismissed as to defendants Kempker, Wallace, Dormire, and Lombardi.

### III. Pendent State-Law Claims

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $5.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall add "Omar L. Clark" as a defendant in this case.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Docs. #2 and #7] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #13] is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of February, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE